OPINION
Appellant David Kienzle is appealing the decision of the Stark County Court of Common Pleas which found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
In 1988, the Stark County Grand Jury indicted appellant with two counts of rape, with attendant force specifications, and one count of gross sexual imposition. The charges were the result of appellant's confessed sexual molestation of his six-year-old daughter. Prior to the commencement of trial, appellant changed his plea upon the trial court's dismissal of the force specifications to the two counts of rape. Appellant plead guilty to two counts of rape and one count of gross sexual imposition. The trial court sentenced appellant to a ten-year term of imprisonment for each rape conviction and a five-year term on the conviction for gross sexual imposition. The sentences were imposed concurrently.
After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellant is incarcerated recommended that appellant be classified a "sexual predator". Prior to this hearing, appellant filed several motions raising a number of constitutional challenges to R.C. Chapter 2950. The trial court overruled appellant's motions and conducted the classification hearing on July 22, 1998. On July 23, 1998, the trial court issued a judgment entry finding appellant to be a sexual predator.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it found him to be a sexual predator because such finding is against the sufficiency of the evidence. We disagree.
This court has previously determined that challenges to the sufficiency and weight of the evidence, in sexual predator determinations, will be reviewed under the manifest weight standard contained in C.E. Morris v. Foley Construction (1978),54 Ohio St.2d 279.[1] Under this standard, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus. The essential factors a trial court is to consider in determining whether a person should be classified a "sexual predator" are contained in R.C.2950.09(B)(2). This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The Ohio Supreme Court, in the case of State v. Cook (1989),83 Ohio St.3d 404, explained that "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook at 423. It is this procedure the trial court should follow in making a sexual predator determination.
In its judgment entry of July 23, 1998, the trial court considered the above factors. The trial court noted that appellant was the father of the victim, who was approximately six years old when these crimes occurred. Judgment Entry, July 23, 1998, at 1. The trial court found that appellant violated the special father/daughter relationship when he molested her. Id. The two incidents giving rise to appellant's conviction occurred on two separate occasions, over a one-week period, and involved the appellant forcing his daughter to perform oral sex on him. Id. Appellant indicated, in a verbal statement to the police, that he forced his daughter to perform oral sex on him because he was mad at her. Id. at 1-2. Finally, the trial court also noted that appellant fondled his daughter's breasts. Id. at 2.
Based upon the above factors, the trial court concluded, by clear and convincing evidence, that appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E). Id. Appellant maintains that of the ten factors a trial court is to consider in R.C. 2950.09(B)(2), only three of them are present in the case subjudice. We find no requirement that a trial court find all ten factors present before it can classify a defendant a "sexual predator". In fact, the statute only requires the trial court to consider all relevant factors, including, but not limited to those contained in R.C. 2950.09(B)(2). Our review of the record indicates the trial court did consider the relevant factors.
Appellant also challenges the fact that no evidence was submitted in support of appellant's likelihood of committing future sexually oriented offenses. We find the fact that appellant sexually molested his daughter twice, in one week, sufficient to support a conclusion that appellant would likely re-offend. Although the trial court did not specifically mention the phrase "likely to re-offend", the trial court referred to the appropriate statute and had the definition of "sexual predator" in mind.
We find there was relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator". The trial court's conclusion is not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J., Gwin, J., and Hoffman, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 25
JUDGMENT ENTRY
CASE NO. 1998CA00225
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
______________________________
______________________________
 ______________________________ JUDGES
[1] State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported.